Filed 12/18/24  P. v. Bradley CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B336770 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA513574) |
| v. | |
| OMAR BRADLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Deborah S. Brazil, Judge.  Affirmed.

Lara Gressley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Omar Bradley pleaded no contest to being a felon in possession of a firearm. He was sentenced to three years in state prison, but execution of the sentence was suspended and he was placed on formal probation for three years. The superior court subsequently found Bradley violated the terms of his probation, terminated his probation, and imposed the three-year prison sentence. Bradley appeals from the order finding him in violation of probation. No arguable issues have been identified following review of the record by appointed appellate counsel and our own independent review. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 2023, Bradley was charged by information with one count of being a felon in possession of a firearm. (Pen. Code, § 29800, subd. (a)(1).) On August 31, 2023, Bradley pleaded no contest to that count. He further admitted a prior felony conviction under Penal Code section 29800, subdivision (a), on August 25, 2021, and admitted the aggravating factor of having "served a prior term in prison or county jail." (Cal. Rules of Court, rule 4.421(b)(3).) The court accepted the plea, found Bradley guilty, and found true the aggravating factor and that Bradley had a prior felony conviction.

Pursuant to the plea agreement, Bradley was sentenced to the upper term of three years in state prison. The court ordered execution of Bradley's sentence suspended and placed him on formal probation. Among the terms and conditions of his probation, Bradley was instructed to "obey all laws" and to "not use or threaten to use force or violence against any person." Bradley acknowledged he understood and accepted these terms. The court admonished Bradley that if he was found to be in

2

willful violation of any term or condition of probation, probation would be terminated, and the full three-year prison sentence would be imposed.  Bradley indicated he understood.

On November 22, 2023, the superior court found Bradley had "suffered a new arrest" and revoked his probation.  The People requested the court find Bradley in violation of probation in lieu of the People filing new charges.  On February 7, 2024, the superior court held a formal probation violation hearing at which Bradley was represented by counsel and had the opportunity to cross-examine the People's witnesses and present his own evidence.

At the hearing, the People called Adianna Ramos, who was Bradley's girlfriend and the mother of his child.  Ramos testified about the altercation she had with Bradley that led to deputies from the Los Angeles County Sheriff's Department questioning her and arresting Bradley.  On the day in question, Ramos wished to leave Bradley's home with their child, but she was unable to do so because her car tire had been popped.  Although Ramos admitted she told the responding deputy that Bradley had popped her tire, she testified that, in fact, it was the mother of Bradley's other child who popped her tire, not Bradley.  Ramos stated she was upset about her tire and confronted Bradley about his dealings with other women, including the woman who popped her tire and had provoked Ramos for years.  Ramos denied she told the deputy that Bradley had pushed her to the ground, climbed on top of her, and held her down.  Ramos testified she and Bradley were still in a relationship at the time of the hearing.

Los Angeles County Sheriff's Deputy Kevin Kerr testified he responded to the scene of the incident, and Ramos told him

3

she and Bradley had gotten into an argument over their relationship and, as she was getting ready to leave, Bradley slashed her car tires to prevent her from leaving. Ramos told Kerr that Bradley attempted to remove their child from the car, which led to a physical altercation in which Ramos slapped Bradley, and "he pushed her down on the ground and held her down on the ground in the front yard of his house, holding her down by both of her wrists, preventing her from leaving as well." Ramos complained her wrists were injured, and Kerr "saw visible redness to both of her wrists."

The court found Ramos's testimony not credible and found the sequence of events she described was not reasonable. The court noted Kerr observed visible marks on Ramos. The court found by a preponderance of the evidence that Bradley violated the condition of probation that he not use or threaten to use force or violence against any person, and found Bradley in violation of his probation. The court terminated Bradley's probation and sentenced him to three years in prison with 172 days of total credit. Bradley now appeals.

## DISCUSSION

We appointed counsel to represent Bradley in his appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Bradley on September 5, 2024 that he could personally submit any contentions or issues he wanted the court to consider. Counsel also sent Bradley a copy of the transcript of the record on appeal, including a copy of the brief. This court also sent Bradley a letter on September 6, 2024 advising him that within 30 days he could submit a supplemental brief or letter stating any grounds for an appeal, or contentions or

4

arguments which he wishes this court to consider.  We have received no response from Bradley.

We have examined the record and are satisfied appellate counsel for Bradley has complied with counsel's responsibilities and there are no arguable issues.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

FEUER, J.